4-One Box Machine Makers *vs.* Wirebounds Patents Company.

Cumberland.        Opinion February 14, 1933.

*Verrill, Hale, Booth & Ives,*
*Douglas, Armitage & McCann,* for plaintiff.
*Woodman, Skelton & Thompson,* for defendant.

Sitting: Pattangall, C. J., Dunn, Barnes, Thaxter, JJ.
Morrill, A. R. J.

Pattangall, C. J.    On defendant's exceptions to modified final decree, the cause having been heard by this Court on appeal from original final decree and remanded for entry of new decree in accordance with opinion. 4-*One Box Machine Makers* v. *Wirebounds Patents Company,* 131 Me., 70.

The principal contention at the former hearing before us related to an agreement between the parties, by which a temporary reduction was effected in royalties payable by plaintiff to defendant under a contract entered into May 16, 1916. It was admitted that such a reduction was agreed upon on March 7, 1928. Defendant contended that the arrangement terminated on May 20, 1929, and that after that date the original royalties were resumed. Plaintiff contended that the reduced rate was for a longer period. The Court below found for plaintiff on this issue but the finding was reversed above, and in the decree now before us royalties are computed accordingly. The exception taken to the method employed in making

this computation is overruled, as also is the exception relating to taxation of costs.

The remaining exception is to the inclusion in the decree of the following paragraph: "That the license from the defendant to the plaintiff dated May 16, 1916, and described in the plaintiff's bill is an exclusive license." Defendant argues that this finding was not germane to any question open to consideration in the case then before the Court and that any finding concerning it is prejudicial to defendant's rights in litigation now pending between these parties involving the question of eviction.

The record discloses that a like finding appears in the original decree from which appeal was taken and that the opinion of this Court referred to above contains these statements: "The license, though its language in such behalf is not express, is exclusive." "The appeal presents many questions. This court differs from the trial court only regarding the application of the doctrine of estoppel." "The appeal is sustained, but for no other purpose than that of remanding the cause for the entry of a decree which shall modify the original decree as this opinion indicates. In all other respects, the decree below is affirmed."

This mandate, in terms, compelled the Court below to include in its decree the paragraph of which defendant complains. The issue of eviction was not involved. The opinion of the Court in 4-*One Box Machine Makers* v. *Wirebounds Patents Company*, supra, recites that "A stipulation by the parties removes the question of partial eviction and the issues raised thereby; this without prejudice to either party's right to try these issues in a separate suit."

After the Court had passed upon the first bill, another bill was filed by plaintiff, directly raising the issue of partial eviction based upon the hypothesis of an exclusive license. Defendant demurred, the case came forward on report, and the demurrer was sustained. 4-*One Box Machine Makers* v. *Wirebounds Patents Company*, 131 Me., 356, 163 Atl., 167.

In this opinion, the Court said:

"The plaintiff calls attention to the language of this court in the opinion in 131 Me., 70, in which it is stated that this license is exclusive, and counsel, then placing on the phrase

'exclusive license' their own interpretation, argue that the question is *res adjudicata*. If as is stated by them this issue has been decided, and if it follows necessarily as they say that an eviction under an exclusive license occurs on a declaration of invalidity of the patent with a consequent inability of the licensee to prevent an unauthorized use, the question of eviction which is now being argued would likewise seem to be closed. Yet counsel have stipulated in the previous case and the court there found that the question of eviction was open. It is obvious therefore that we did not hold that this license is exclusive in the sense in which the defendant uses that term, namely, that it purports to grant an exclusive right or a monopoly on the failure of which a right of action would accrue."

It is to be assumed that the decree before us goes no farther than the opinion of the Court on which it is based and that, in declaring the license exclusive, it does not imply that it purported "to grant an exclusive right or a monopoly on the failure of which a right of action would accrue."

In this view of the matter, the decree is not inconsistent with the recent opinion of the Court, nor can it prejudice defendant's rights in any pending litigation between the parties involving the question of eviction.

*Exceptions overruled.*